IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Bernard Long,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No. CV 14-02655-PHX-DJH (DMF)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

    Petitioner Larry Bernard Long, an inmate currently incarcerated in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on December 9, 2014. In a January 14, 2015 Order (Doc. 6), the Court granted Petitioner's Application to Proceed *In Forma Pauperis* and dismissed the Petition without prejudice, giving Petitioner 30 days to file an amended petition. On February 3, 2015, Petitioner filed a Motion to Extend Time for Filing an Amended Petition and for Clarity regarding Court Order indicating that he only received one of the nineteen pages of the January 14 Order (Doc. 7). On February 24, 2015, Petitioner filed a Motion to Extend Time for Filing an Amended Petition (Doc. 8) and lodged an Amended Petition (Doc. 9). In a March 2, 2015 Order (Doc. 10), the Court granted the Motions for Extension of Time and deemed the Amended Petition (Doc. 11) timely filed in relation to the January 14, 2015 Order at Doc.

6. Respondents filed a Limited Answer (Doc. 15) asserting that the Amended Petition should be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA), and in any event, Petitioner's claims are unexhausted and procedurally defaulted. Petitioner filed a Reply (Docs. 18, 19), and the matter is fully briefed. For the reasons below, the Court recommends that the Petition be denied as untimely.

## BACKGROUND

On June 16, 2009, at the conclusion of a jury trial, Petitioner was convicted in Maricopa County Superior Court, Case #Cr 2008-102941-001DT, of sale or transportation of narcotic drugs, possession of dangerous drugs, possession or use of marijuana, resisting arrest, and two counts of misconduct involving weapons. (Doc. 15 at Ex. B.) On August 7, 2009, Petitioner was sentenced to a 28-year term of imprisonment. (*Id*. at Ex. D, p. 3; Ex. SS, p. 26–35.) The trial court advised Petitioner in open court about his post-conviction appellate rights, and he also received and signed a notice of rights of review. (*Id*. at Ex. E; Ex. SS, p. 35–36.)

Petitioner filed a timely notice of appeal. (*Id*. at Ex. F.) On January 18, 2011, the Arizona Court of Appeals affirmed the conviction and sentence. (*Id*. at Ex. L; s*ee State v. Long*, No. 1 CA-CR 09-0625, 2011 WL 285126 (Ariz. Ct. App. Jan. 18, 2011)). Petitioner did not appeal to the Arizona Supreme Court or file a petition for certiorari in the United States Supreme Court. On March 4, 2011, the Arizona Court of Appeals issued its mandate. (Doc. 15 at Ex. M.)

On February 2, 2011, Petitioner filed a Notice of Post-Conviction Relief ("PCR") with the Maricopa County Superior Court. (*Id*. at Ex. N.) On February 24, 2011, the trial court appointed post-conviction counsel and set a briefing schedule. (*Id*. at Ex. O.) After requesting and receiving two extensions of time, on August 1, 2011, Petitioner's counsel filed a notice of completion of review informing the trial court that he was "unable to discern any colorable claim upon which to base a Petition for Post-Conviction Relief." (*Id*. at Exs. P, Q, R. S, T.) The trial court granted Petitioner time to file a *pro per* PCR petition. (*Id*. at Ex. U.) Petitioner requested and received an extension of time, and on September 12, 2011, filed a PCR petition. (*Id*. at Exs. V, W, X, Y.) On March 1, 2012,

the trial court dismissed Petitioner's PCR.  (*Id*. at Ex. HH.)  Petitioner did not file a petition for review in the court of appeals.

On August 27, 2013, Petitioner filed a second, untimely PCR notice, alleging the Fair Sentencing Act of 2010 was a significant change in the law.  (*Id*. at Ex. II, p. 3.)  On September 3, 2013, the trial court dismissed Petitioner's second PCR notice, finding it "both untimely and successive."  (*Id*. at Ex. JJ, p. 1.)  On September 23, 2013, Petitioner filed a petition for review.  (*Id*. at Ex. KK.)  The Court of Appeals denied Petitioner's petition for review on March 12, 2015.  (*Id*. at Ex. LL, p. 2–3.)

Petitioner filed his original habeas petition on December 9, 2014.  (Doc. 1.)  Petitioner's Amended Petition was filed on February 24, 2015.  (*See* Doc. 9.)  Petitioner raises three grounds for relief in his Amended Petition, and names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.  In Ground One, Petitioner alleges that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated.  In Ground Two, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated because of prosecutorial misconduct.  In Ground Three, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated because of a wrongful sentence.

## LEGAL ANALYSIS

1. <u>Timeliness under the AEDPA</u>

The AEDPA imposes a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court.  *See* 28 U.S.C. § 2244(d).  The period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  To assess the timeliness of the Petition, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review."

Petitioner's direct appeal remained pending through January 18, 2011, when the Arizona Court of Appeals denied his direct appeal.  Thereafter, Petitioner would ordinarily have had 35 days to seek further review, or until Tuesday, February 22, 2011.  Ariz. R. Crim. P. 31.19(a) (30 days for petition for review); Ariz. R. Crim. P. 1.3

(additional five days after mailing); *State v. Zuniga*, 163 Ariz. 105, 106, 786 P.2d 956, 957 (1990) (applying Rule 1.3(a) to mailed appellate decision). Accordingly, Petitioner's time to seek further review expired and his conviction became final on February 22, 2011. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073–74 (9th Cir. 2007) (noting that direct appeal is final upon expiration of time for seeking further appellate review). Thus, absent any statutory or equitable tolling, the AEDPA limitations period would have required Petitioner to file the instant federal habeas petition on or before February 22, 2012.

2. <u>Statutory Tolling</u>

Under the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed within the state's required time limit, however, is not "properly filed," and is thus not entitled to statutory tolling. *Allen v. Siebert*, 552 U.S. 3, 6–7 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under AEDPA tolling provision); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Thus, the AEDPA grants a petitioner one year from the conclusion of his direct appeal, minus time spent litigating a "properly filed" post-conviction claim, to file a federal habeas corpus petition.

Petitioner's first PCR proceeding was filed before his conviction became final on February 22, 2011. The AEDPA time limit was therefore tolled from its inception until the time expired to file a petition for review from the trial court's dismissal of his first PCR on March 1, 2012. Petitioner had 35 days from March 1, 2012 (or April 5, 2012) to petition the Arizona Court of Appeals for review of the trial court's order. Ariz. R. Crim. P. 32.9(c), 1.3(a). Petitioner did not file a petition for review. Therefore the one-year statute of limitations began running on April 6, 2012, and Petitioner was required to file his federal petition one year later, by April 5, 2013. *See Patterson v. Stewart*, 251 F.3d

1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations).

Petitioner's second, untimely PCR petition filed on August 27, 2013, did not statutorily toll the running of the limitations period. An untimely petition is not a "properly-filed" application, and does not toll the running of the statute. *See Pace*, 544 U.S. at 414; *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Furthermore, because the limitations period had already expired on April 5, 2013, Petitioner could not restart the clock by filing a subsequent PCR application. "A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, Petitioner was required to file his federal habeas petition by April 5, 2013, absent any equitable tolling.

### 3. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). However, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted).

Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

A petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also Ballesteros v. Schriro*, CIV-06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Further, a prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner makes a sweeping assertion that he should be given relief from the one year AEDPA statute of limitations because the issues in his Petition are of constitutional importance, he has been in disciplinary segregation since 2010, and he is acting *pro se* with limited access to the law library and limited knowledge of the law. (Doc. 11, at 11.) In his reply, Petitioner asserts that:

> Extraordinary circumstances beyond prisoner's control prevented him from filing on time. On August 1, 2011, Petitioner's counsel filed a notice of completion of review informing the trial court that he was "unable to discern any colorable claim upon which to base petition for post-conviction relief." Counsel was supposed to stay on in an advisory capacity, and never advised petitioner on anything. Petitioner was abandoned by attorney. Petitioner was also in Arizona's Super Max Unit from 2010 to 2014 with limited access to law library.

(Doc. 18, at 14–15) (internal citations omitted.)

This broad assertion does not meet Petitioner's burden for equitable tolling relief.

1  Petitioner makes no reference in his Petition as to any specific efforts, let alone diligent
2  efforts, he made to try to overcome whatever obstacles he believes his limited access to
3  the library created in filing the Petition in this case.  Petitioner fails to set forth the actual
4  number of attempts, the dates of such attempts, or the reasons given for his claimed lack
5  of access.  The Petition in this case is written in clear English and cites multiple legal
6  authorities.  Petitioner has the ability to articulate specifics, but chose not to give specific
7  reasons for his untimely filing of the Petition. Petitioner did file a timely PCR and
8  otherwise demonstrated his capability of filing legal documents.

   In *Ramirez v. Yates*, the petitioner argued that he had limited access to the law library and copy machine during the period in which he remained in administrative segregation. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).  In denying equitable tolling for that period of time, the Ninth Circuit has stated that "[o]rdinary prison limitations on [petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner.  Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule—according to [petitioner's] theory, AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well." *Id.*; *see also Gutierrez-Valencia v. Ryan*, No. CV-12-01318-PHX-JAT, 2014 WL 1762978, at *5 (D. Ariz. May 5, 2014) (where petitioner did not allege a complete lack of access to his legal file, only his being housed in lock down status in a maximum security facility, court held that "Petitioner has not provided this Court with any specific details regarding what legal materials he was seeking and how they would be of assistance in his habeas filing . . . [and] Petitioner does not dispute that his lock down status is an ordinary prison limitation.").  *Cf. Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (finding that lack of access to Spanish language legal materials or assistance could entitle habeas petitioner to equitable tolling).

   Petitioner claims that his PCR counsel was ordered to remain in an advisory

- 7 -

capacity when Petitioner filed his *pro per* petition, that counsel failed to advise Petitioner on anything, and that counsel abandoned Petitioner. Tolling may be justified where counsel's behavior is sufficiently egregious. *See Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011) (citing *Holland* as establishing that even if a litigant is not constitutionally entitled to counsel, principles of equity can justify tolling where counsel's behavior is sufficiently egregious). Lack of legal assistance in seeking post-conviction relief cannot form the basis for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007). In Petitioner's PCR proceeding, the court held that "[d]efense counsel shall remain in an advisory capacity for the Defendant *until a final determination is made by the trial court regarding any post-conviction relief proceeding*, pursuant to Rule 32.4(c)(2), Arizona Rules of Criminal Procedure." (Doc. 15, at Ex. U) (emphasis added.) There is no indication that Petitioner was represented by counsel during the period of time when equitable tolling would apply. The statute of limitations is already being statutorily tolled during the period of time in which his first PCR petition was pending. According to the court's order, counsel's advisory capacity ended upon the conclusion of his PCR proceeding.

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate."). Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling. Additionally, the record does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition.

Absent equitable tolling, the statute of limitations for Petitioner's federal habeas petition expired on April 5, 2013. Petitioner filed his original habeas petition on December 9, 2014 (Doc. 1.), and his Amended Petition (Doc. 11) on February 24, 2015. (*See* Doc. 9.) Federal Rule of Civil Procedure 15(c)(2) provides that an "amendment to a pleading relates back to the date of the original pleading" when, in pertinent part, "the

amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." This Rule has been held applicable to habeas proceedings, which are essentially civil in nature. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "Relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id*. at 659. "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650. Although it appears as though only two of Petitioner's three grounds were also alleged in his original petition, the Court will use the date of filing his original petition since the difference in the two dates will not affect the Court's decision. Even considering the December 9, 2014 filing date for all of Plaintiff's claims, his Petition was untimely by one year and eight months.

Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his Petition should be denied as untimely and the Court will not consider Respondents' alternative grounds for denying habeas corpus relief. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims).

## CONCLUSION

Petitioner filed the pending Petition after the expiration of the AEDPA statute of limitations and statutory and equitable tolling do not render the petition timely. Accordingly, the Petition should be denied as untimely under 28 U.S.C. § 2244(d)(1). Because the Petition is untimely, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief. The Court will therefore recommend that the petition be denied and dismissed. Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to

the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

**IT IS THEREFORE RECOMMENDED that** the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 11) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED that** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of April, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge