IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Bernard Long,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-14-02655-PHX-DJH<br><br>**ORDER** |

    This matter is before the Court on *pro se* Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 11) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Deborah M. Fine (Doc. 22). In his Amended Petition for Writ of Habeas Corpus (the "Amended Petition"), Petitioner raised three claims for relief: ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment; prosecutorial misconduct in violation of his Fifth, Sixth and Fourteenth Amendment rights; and sentencing errors in violation of the Fifth, Sixth and Fourteenth Amendment. (Doc. 11 at 6-8). After a thorough analysis, Judge Fine recommended that this Court deny the Amended Petition because it was untimely filed and Petitioner is not entitled to tolling. On May 2, 2016, Petitioner timely filed objections to the R&R. (Doc. 23). Respondents filed no objections.

**I. R & R and Objections**

    In the R&R, Magistrate Judge Fine set forth the procedural background of this

case. The Court need not repeat that information here because Petitioner did not object to any of the information in the background section. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."). Thus, the Court fully adopts that section of the R&R.

### A. Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner is objecting. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly objected to*."); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis added). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

### B. Analysis

As an initial observation, it is apparent that Petitioner misunderstood that part of the R&R that describes the procedural background leading up to the filing in this Court of his original federal habeas petition and the Amended Petition. Petitioner spends a considerable amount of time refuting what he mistakenly believes is Judge Fine's finding that his original habeas petition was not timely filed pursuant to this Court's orders. (*See* Doc. 23 at 5-7:23-28) ("[w]hen a federal magistrate judge granted multiple extensions for the prisoner to file his federal habeas petition, such extensions effectively instructed the prisoner that if he followed the court's schedule, his federal filing would be deemed timely."). Magistrate Judge Fine did not make such a finding. Instead, the R&R noted that Petitioner's Amended Petition was "timely filed *in relation to* [this Court's] January 14, 2015 Order." (Doc. 22 at 1:27-28) (emphasis added). Judge Fine explained that on January 14, 2015, this Court granted Petitioner an extension of time to file an amended petition, which he did. Petitioner's Amended Petition (Doc. 11) was therefore filed on February 24, 2015 in accordance with the Court's extension order and Judge Fine did not

conclude otherwise. Consequently, Petitioner's arguments related thereto are misplaced and the Court need not consider them as they are not proper objections under Fed.R.Civ.P.72(b)(3).

What the R&R does explain, however, is that Petitioner's original habeas petition was not timely filed in relation to the one-year statute of limitations for state prisoners to file a federal habeas petition once his state court review process concluded. In other words, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner had one-year from April 6, 2012, the date his state conviction became final, to file his habeas petition and he failed to do so. (*See* Doc. 22 at 4:22-28) ("Petitioner had 35 days from March 1, 2012 (or *April 5, 2012*) to petition the Arizona Court of Appeals for review of the trial court's order. Ariz.R.Crim.P. 32.9(c), 1.3(a)) (emphasis added). Petitioner did not file a petition to the Arizona Court of Appeals by April 5, 2012. Thus, the AEDPA's one-year statute of limitations began to run, giving Petitioner until April 5, 2013 to file his habeas petition. Petitioner again did not do so. Rather, he waited for almost two years, until December 9, 2014, to file his original habeas petition. Moreover, as thoroughly discussed in the R&R, Petitioner was not entitled to equitable tolling of the one-year statute of limitations period because Petitioner is unable to show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way to prevent him from timely filing his habeas petition." (Doc. 22 at 5).

Broadly construing Petitioner's objections, he essentially disagrees with the R&R finding that 1) his alleged attorney abandonment does not amount to an extraordinary circumstance which entitles him to equitable tolling and 2) that his limited knowledge of the law and limited access to the law library does not entitle him to equitable tolling.[1] (Doc. 23 at 8). Petitioner first claims that his "counsel was supposed to stay on in an advisory capacity, and never advised Petitioner, on anything, [f]ailed to inform [him]

---

[1] Petitioner also interjects arguments in support of his substantive claims of ineffective assistance of counsel and prosecutorial misconduct, which the R&R did not address. Judge Fine's R & R was confined to the procedural timeliness of Petitioner's habeas petition. Therefore, the Court need not address Petitioner's extraneous arguments unrelated to the timeliness of the habeas petition.

about crucial facts related to his case, and failed to communicate altogether with his client." (*Id.*)  This is essentially the same argument Petitioner made in his Amended Petition. (Doc. 11 at 5 and 7).  Petitioner does not offer any evidence or argument to refute the R&R finding that his defense counsel was to remain on his case in an advisory capacity "*until a final determination is made by the trial court regarding any post-conviction relief proceeding.*"  (Doc. 22 at 8:8-11).  Petitioner does not point to anything in the state court record to counter this R&R finding.  Consequently, Petitioner's objection to the R&R finding that his claim of attorney abandonment entitles him to equitable tolling lacks merit.

Petitioner also argues that he should be entitled to equitable tolling because he "was locked down in Arizona's Super Max unit [where] he did not have access to case law[.]" (Doc. 23 at 14:26-28).  These assertions, which are similar to those made in his Amended Petition, were thoroughly considered in the R&R.  (Doc. 22 at 6) ("Petitioner was also in Arizona's Super Max Unit from 2010 to 2014 with limited access to law library.").  The Magistrate Judge observed that the Amended Petition failed to set forth the specific efforts that he made to overcome the obstacles that he believed limited his access to the law library.  (*Id.* at 7:1-9).  Petitioner argues that he has been diligent in pursuing his rights by educating himself on the law and by reading what other prisoners have provided to him because "[t]he prison 'law library' does not provide any resources needed to argue a case in any court."  (Doc. 23 at 18).  Petitioner, however, does not address the R&R's reliance on Ninth Circuit precedence that has denied equitable tolling under circumstances similar to his.  *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (denying equitable tolling where ordinary prison limitations on petitioners' access to the law library existed).  Thus, Petitioner has not overcome his burden to show that some extraordinary circumstance prevented him from diligently pursuing his habeas petition. *See Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005).  Consequently, this Court finds no merit to Petitioner's objections to the Magistrate Judge's determination that his federal habeas petition was untimely pursuant to 28 U.S.C. § 2244(d)(1) and that he is not entitled to equitable tolling.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Fine's Report and Recommendation (Doc. 22) is **accepted** and **adopted** as the Order of this Court. Petitioner's Objections (Doc. 23) are overruled.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 11) is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

**Dated** this 13th day of February, 2017.

Honorable Diane J. Humetewa
United States District Judge